UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIE K. WONSCH,

        Plaintiff,

Case No. 2:17-cv-13863

HONORABLE STEPHEN J. MURPHY, III

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

                              /

**ORDER OVERRULING OBJECTIONS [15],
ADOPTING REPORT AND RECOMMENDATION [14],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Marie K. Wonsch's application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 7. After the SSA Appeals Council declined to review the ruling, Plaintiff appealed. The Court referred the matter to Magistrate Judge Patricia T. Morris, and the parties filed cross-motions for summary judgment. ECF 3, 11, 13. The magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court deny Plaintiff's motion and grant the Commissioner's motion. ECF 14. Plaintiff timely filed objections to the Report. ECF 15. After examining the record and considering Plaintiff's objections de novo, the Court concludes that her arguments do not have merit. Accordingly, the Court will overrule the objections, adopt the Report's

1

findings, deny Plaintiff's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events giving rise to Plaintiff's action against the Commissioner. ECF 14, PgID 1141–53. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party objects. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc.*

*Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in the decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (citation omitted). A court will disturb an ALJ's credibility assessment "only for a compelling reason." *See Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 981 (6th Cir. 2011) (citation omitted).

## DISCUSSION

Plaintiff raises three objections. First, she objects that the ALJ provided insufficient weight to the opinions of two different treating doctors. ECF 15, PgID 1179. Second, Plaintiff objects that the ALJ failed to properly assess her pain. *Id.* at 1187. Third, she objects that the ALJ erred in determining a residual functional capacity ("RFC") for light work given Plaintiff's ambulation issues. *Id.* at 1188.

I. <u>Weight Given to Treating Doctors' Opinions</u>

Plaintiff complains that the ALJ failed to provide appropriate weight to the opinions of two-treating doctors: Dr. Clary and Dr. Brazzle. ECF 15, PgID 1179, 1184. A "medical opinion on the issue(s) of the nature and severity" of an impairment receives "controlling weight" if it (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2).

3

A. Dr. Clary.

   1. *Dr. Clary's opinion.*

Dr. Clary assessed Plaintiff's work-related abilities in May 2016. ECF 7-10, PgID 1067–69.[1] Dr. Clary noted Plaintiff's symptoms: "chronic neck/back pain, headaches, pain radiating into legs, [and] difficulty sleeping." *Id.* at 1067. Dr. Clary estimated that Plaintiff could: lift 10 pounds occasionally and five pounds frequently; walk for up to 20 minutes without interruption but no more than one hour per work day; and sit for 1.5 hours without interruption but no more than 4 to 5 hours per work day. *Id.* at 1067–68.

Plaintiff's condition could produce good or bad days and could result in more than four absences from work per month. *Id.* at 1068. Her symptoms were "constantly" "severe enough to interfere with the attention and concentration needed to perform even simple work tasks." *Id.* at 1069. Furthermore, Plaintiff's condition required three unscheduled thirty-minute breaks with a need for 3–4 hours of rest per work day. *Id.* at 1068. Dr. Clary relied upon the "pt [patient] report" to draw her conclusions. *Id.*

   2. *ALJ's reasons for affording Dr. Clary's opinion little weight.*

The ALJ identified three reasons that supported his decision to assign Dr. Clary's opinion little weight. First, the ALJ determined that Dr. Clary's explanation of Plaintiff's work limitations relied only upon Plaintiff's reports and was therefore

---

[1] Dr. Clary treated Plaintiff for either five years, ECF 7-10, PgID 1071, or for twenty years, *id.* at 1067.

4

not well-supported by "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(c)(2); *see* ECF 7-2, PgID 60 ("ALJ's decision); *see also* ECF 7-10, PgID 1068 (Dr. Clary's report noting that the "medical findings that support[ed]" her conclusions about Plaintiff's limitations were the "pt report").

Second, the ALJ suggested that Dr. Clary's "own treatment records" reflected minimal abnormalities "including no evidence of gait abnormalities, reduced muscle/motor strength in any extremity/muscle group, no sensation deficits, and no range of motion deficits." ECF 7-2, PgID 60.

Third, the ALJ reasoned that the severe limitations suggested by Dr. Clary were inconsistent with Plaintiff's improved neck and back pain following her 2015 surgeries, "the lack of surgical intervention for her vascular conditions," Plaintiff's continued smoking despite her COPD, asthma, and vascular conditions, Plaintiff's sufficient management of her cardiac conditions, and her controlled hypertension. ECF 14, PgID 1161.

### 3. *Plaintiff's Objections*

Plaintiff raises four objections to the ALJ's determinations regarding Dr. Clary. First, she argues that Dr. Clary's opinion identified "clinical findings and objective signs" that noted Plaintiff's "limited range of motion in her neck and back, [and] difficulty maintaining any position for any period of time." ECF 15, PgID 1179 (quoting ECF 7-10, PgID 1067).

Second, she avers that Dr. Clary's opinion is consistent with other substantial evidence in the record. *See* ECF 15, PgID 1180 ("There is also objective evidence to

5

support Dr. Clary's opinion."),[2] 1180–81 (listing eight different opinions that support "'more than minimal findings' that [are] consistent with Dr. Clary's opinion").

Third, Plaintiff objects that there is no evidence in the record that her condition had improved. *Id.* at 1182.

Finally, Plaintiff argues that whether she continued to smoke has no bearing on the weight that should be afforded to Dr. Clary's opinion. *Id.* at 1183–84.

### 4. Analyzing Plaintiff's Objections

Plaintiff's objections are unavailing. First, "[a] doctor's report that merely repeats the patient's assertions is not credible, objective medical evidence." *Mitchell v. Comm'r of Soc. Sec.*, 330 F. App'x 563, 569 (6th Cir. 2009). Rather, a treating physician's medical opinion receives controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(c)(2).

Here, "[t]here is no indication" that Dr. Clary's opinion "was supported by anything other than" Plaintiff's self-reported symptoms. *Bell v. Barnhart*, 148 F. App'x 277, 285 (6th Cir. 2005). Dr. Clary's examination of Plaintiff's ability to do work related activity did not identify "particular medical findings (i.e. findings from physical exams, x-rays, lab test results, history and symptoms which support[ed]

---

[2] Plaintiff places this argument within her argument that Dr. Clary's opinion relied on more than Plaintiff's subjective complaints. But the argument does not relate to whether Dr. Clary relied upon acceptable diagnostic techniques when forming her opinion about Plaintiff's limitations. Rather, the argument clearly relates to whether Dr. Clary's opinion was "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2).

6

[her] assessment of any limitations)." ECF 7-10, PgID 1067. Rather, Dr. Clary's report identifies only Plaintiff's assertions of her limitations as the basis of her opinion. *Id.* at 1068.

Second, even if other record evidence supports Dr. Clary's opinion, that fact does not cure her failure to base her opinion on "medically acceptable clinical and laboratory diagnostic techniques." The magistrate judge suggested that "[t]here may be room for debate about whether it is entirely fair to characterize Dr. Clary's medical records as a whole as reflecting" minimal abnormalities. ECF 14, PgID 1160. The magistrate judge concluded however, that it is "[i]ndisputable" that "Dr. Clary's records lack the [medically acceptable clinical and laboratory diagnostic techniques] evidence that the ALJ described, and that is a satisfactory basis for doubts regarding Dr. Clary's opinion." *Id.*

Third, the ALJ properly concluded that Dr. Clary's opinion was inconsistent with other evidence in the record. For example, in April 2015, Dr. Khalil noted that Plaintiff was recovering well from surgery, had no back pain, and, despite "some hip discomfort," had otherwise resolved the weakness in her "lower extremity radiculopathy." ECF 7-10, PgID 841; *see also id.* at 962 (April 29, 2016 follow-up report noting that Plaintiff "is doing good," that nutraceuticals and essential oils "are helping" with muscle pain, and that "[s]he is able to fire all major muscle groups in the upper and lower extremities with good strength"). The magistrate judge also identified that Plaintiff did not require surgical intervention for her vascular

7

conditions, sufficiently managed her cardiac conditions, and controlled her hypertension. ECF 14, PgID 1161.[3]

Based on all the foregoing, the ALJ's decision was supported by substantial evidence.

B. Dr. Brazzle.

*1. Dr. Brazzle's opinion.*

Dr. Brazzle noted that Plaintiff was "unable to function," suffered from "severe impairment in basic functioning," had "challenges [with] walking any distance," had "mental health challenges" and "disruptive sleep cycle," and relied on her husband for daily activities like shopping, cooking, and cleaning. ECF 7-10, PgID 1043. Dr. Brazzle concluded that Plaintiff was "not capable [of] performing any full or part-time employment." *Id.* at 1044.

In another questionnaire, Dr. Brazzle reiterated Plaintiff's recurrent major depression, "depressed mood, low motivation, poor concentration, low energy level, and anhedonia." *Id.* at 1046. Dr. Brazzle also filled out a checkbox form, the content of which the magistrate judge detailed. *See* ECF 14, PgID 1162–63.

*2. ALJ's reasons for affording Dr. Brazzle's opinion little weight.*

The ALJ afforded Dr. Brazzle's opinion little weight because he determined that Dr. Brazzle's opinion was inconsistent with substantial evidence in the record. *See* ECF 7-2, PgID 60–61.

---

[3] Even discounting the magistrate judge's reference to Plaintiff's "continued smoking despite her COPD/asthma and vascular conditions," there is substantial evidence in the record to support the ALJ's decision to afford Dr. Clary's opinion minimal weight.

8

### 3. *Plaintiff's Objections.*

Plaintiff objects that the ALJ's determination to not afford Plaintiff's treating psychiatrist's opinion controlling weight was not supported by "good reasons." ECF 15, PgID 1186. Particularly, Plaintiff asserts that the ALJ relied merely on his conclusion that Dr. Brazzle's opinion "was not borne out by mental health treatment record [because] Plaintiff was oriented, [and] had no speech difficulties, suicidal/homicidal thoughts, hallucination[s] or delusions." *Id.* at 1184.

### 4. *Analysis of Plaintiff's Objections.*

The ALJ did not err by affording Dr. Brazzle's opinion little weight because her opinion was not inconsistent with substantial evidence in the record. In addition to Dr. Brazzle's notes described above, the ALJ noted that Dr. Brazzle described Plaintiff as "alert" and oriented, ECF 7-10, PgID 872–73, 876, 878–79, 882, 884–86, 888, 1029, 1031–33, 1036; as well groomed, with satisfactory hygiene, or appropriately attired, *id.* at 871, 877, 879, 887–88, 1033; as lacking speech abnormalities, suicidal or homicidal ideations, or abnormal thought processes, *id.* at 876; and evincing no thought disorder, hallucinations, or delusions, *id.* at 876–79, 882, 884–88, 1032–33, 1036.

Because Dr. Brazzle's opinion—that Plaintiff was severely limited—was inconsistent with substantial evidence in the record, the ALJ did not err by affording her opinion little weight.

II. Assessment of Plaintiff's Pain

Plaintiff next objects that the ALJ failed to properly assess her pain because "there has been no improvement in her pain." ECF 15, PgID 1187. An ALJ may properly make credibility determinations regarding a claimant's complaints of pain. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). A court disturbs an ALJ's credibility assessment "only for a compelling reason." *Sims*, 406 F. App'x at 981 (citation omitted). When evaluating subjective symptoms such as pain, an ALJ evaluates the objective medical evidence and then determines whether the condition could be reasonably expected to produce the alleged pain. *See* 20 C.F.R. § 404.1529(a). In the absence of substantiating objective evidence, an ALJ must consider several factors when analyzing a claimant's complaints of pain. *See* 20 C.F.R. § 404.1529(c)(3).

The magistrate judge ably recounted the record evidence supporting the ALJ's adverse credibility determination. *See* ECF 14, PgID 1168–72. Plaintiff's objection fails to provide a "compelling reason" for the Court to overturn the ALJ's decision regarding her complaints of pain.

III. RFC for Light Work Determination

Finally, Plaintiff objects that the ALJ erred by assigning her an RFC for light work in light of her ambulation issues. ECF 15, PgID 1188. Plaintiff specifically identifies her alleged medical improvement, addressed above, and the lack of gait disturbances as a basis for reversing the RFC determination. She points to Dr. Elizabeth Smith's progress and argues that Dr. Smith "opined . . . that Plaintiff had

an 'abnormal gait' that was ataxia" and that Plaintiff's balanced remined the same. *Id.* (quoting ECF 7-10, PgID 975). The report does not support the conclusion that Dr. Smith observed an abnormal gait or made an opinion regarding whether any potential abnormal gait would affect Plaintiff's ability to work. *See* ECF 7-10, PgID 975. Moreover, record evidence substantially supported the ALJ's RFC determination. *See* ECF 7-2, PgID 58.

IV. Conclusion

Having carefully reviewed the parties' motions, the Report, and Plaintiff's objections, the Court finds Plaintiff's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and to deny Plaintiff's motion for summary judgment.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [15] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [11] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [13] is **GRANTED**,

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

    s/ Stephen J. Murphy, III
    STEPHEN J. MURPHY, III
    United States District Judge

Dated: February 28, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2019, by electronic and/or ordinary mail.

    s/ David P. Parker
    Case Manager